IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:08-CR-58 |
| | ) | No. 2:13-CV-191 |
| PAMELA R. MILLER, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Defendant has filed a Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence based on allegations of ineffective assistance of counsel [Doc. 432]. The United States has filed a Response [Doc. 435]. The matter is now ripe for disposition.

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

Defendant was indicted in a multiple count indictment for a conspiracy to manufacture 500 grams or more of a mixture and substance containing a detectible amount of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A), and possession of materials used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6) [Doc. 3, *Indictment*; Doc. 169, *Superseding Indictment*]. On December 2, 2008, the United States filed an Information to establish prior convictions for the purpose of enhancing Defendant's sentence pursuant to 21 U.S.C. § 851 [Doc. 89]. As a consequence, Defendant faced a minimum mandatory term of imprisonment if she were convicted of Count One of 20 years. See 21 U.S.C. § 841(b)(1)(A). Defendant entered into a negotiated Plea Agreement [Doc. 180] in which the government agreed to reduce the charges and permit Defendant to plead guilty to the lesser included offense of conspiracy to manufacture 50 grams or more of a mixture and substance containing a detectible

1

amount of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(B). The impact of this negotiated plea was that Defendant no longer faced a mandatory 20 years imprisonment but instead faced only 10 years imprisonment on the lesser included offense. [Doc. 180, *Plea Agreement*, pg. 1](The plea agreement states that "[b]ecause of the defendant's prior felony drug convictions, the maximum penalty to which the defendant will be exposed by virtue of the guilty plea is a term of imprisonment of a minimum mandatory term of imprisonment of 10 years up to life…").

Defendant stipulated to the following facts as true as part of her Plea Agreement:

> a) Through the testimony of several witnesses, to include co-conspirators, the United States would demonstrate, beyond a reasonable doubt, that from approximately the month of May of 2007, and continuing to on or about June 10, 2008, the defendant did knowingly, intentionally, and without authority, conspire with at least one other person to manufacture approximately 80.43 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and that the defendant purchased 146.25 grams of pseudoephedrine which the defendant provided to other co-conspirators to manufacture methamphetamine.
>
> b) During the course of the conspiracy, the defendant purchased multiple quantities of pseudoephedrine from various pharmacies in the Northeast area of Tennessee and provided those quantities to co-conspirators, including Greg Miller, Brian Shuffler, Douglas Morrell, and Mike Holtsclaw, on some occasions in return for money. The defendant would deliver these quantities of pills containing pseudoephedrine to the co-conspirators personally or would turn over the pills to co-defendant Angela Falin who would then deliver the pills to the co-conspirators.
>
> c) The defendant admits that she knew that the other co-conspirators were manufacturing methamphetamine in the Eastern District of Tennessee with the pseudoephedrine which she supplied.
>
> d) On October 18, 2008, after being advised of her rights per *Miranda,* the defendant admitted to agents that she had been purchasing quantities of pills containing pseudoephedrine for

2

various co-conspirators including Greg Miller, Brian Shuffler, Douglas Morrell, and Mike Holtsclaw, and that on some occasions she had received money in exchange for these quantities.

e) The defendant admits that, based on the quantity of pseudoephedrine she provided, she conspired to manufacture approximately 80.78 grams of methamphetamine.

f) A check of the Tennessee Methamphetamine Task Force registry showed that between May of 2007 and June of 2008, the defendant purchased 146.25 grams of pseudoephedrine. This quantity of pseudoephedrine converts to 1,462.50 kilograms of marijuana.

[Doc. 180, *Plea Agreement,* pg. 3-4]. Defendant's Plea Agreement also contained provisions which waived her direct appeal and her filing a 28 U.S.C. § 2255 motion:

In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offenses committed, the defendant agrees not to file a direct appeal of the defendant's conviction or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range as determined by the district court.

In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

*Id.* at pg. 8-9.

The Presentence Report calculated Defendant's total offense level to be 29 with a criminal history of category VI, and a guideline range for imprisonment of 151 – 188 months. PSR ¶ 77. It noted that Defendant faced a mandatory minimum of ten years based on the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(B). PSR ¶ 76.

3

The government filed a motion for downward departure [Doc. 376] pursuant to U.S.S.G. § 5K1.1 requesting the Court to sentence Defendant below the her advisory sentencing guideline range to reflect her substantial assistance in the investigation or prosecution of other persons.[1] It recommended a three level reduction to offense level 26, which, at Defendant's criminal history category, corresponded to an advisory guideline range of 120 to 150 months imprisonment. On April 1, 2010, the District Court granted the government's motion and sentenced Defendant to the statutory minimum of 120 months imprisonment for the conspiracy to manufacture methamphetamine [Doc. 395, *Judgment*].

On April 12, 2010, Defendant filed a Notice of Appeal [Doc. 396]. On appeal, she challenged "the district court's decision at sentencing to use the marijuana equivalency of the pseudoephedrine she purchased, instead of the quantity of the mixture and substance containing methamphetamine she conspired to manufacture, to calculate her Guidelines range." *United States v. Beals*, 698 F.3d 248, 255 (6th Cir. 2012). She also claimed that the government breached the plea agreement "when it urged the district court to use pseudoephedrine's marijuana equivalency to calculate Miller's base offense level, despite expressly agreeing in writing that Miller had conspired to manufacture 80.43 grams of a mixture and substance containing methamphetamine." *Id.* at 256.

The Sixth Circuit dismissed her appeal, finding that "Miller's current challenge to her sentence is plainly foreclosed by her appeal waiver." *Id.* at 256. But the Sixth Circuit also addressed her arguments that the government had breached the plea agreement.

> There was no breach. Miller's argument depends entirely upon the premise that the government promised, in exchange for Miller's

---

[1] The government did not file a motion under 18 U.S.C. § 3553(e) which would have authorized the district court to sentence Defendant below the statutory mandatory minimum sentence of 10 years.

4

> promise to plead guilty, either (1) to ask the district court to determine Miller's base offense level according to the agreed-upon quantity of mixture or substance containing methamphetamine; or (2) *not to ask* the district court to use pseudoephedrine's marijuana equivalency in determining the base offense level.

*Id.* at 257 (emphasis in original). The Sixth Circuit found that the government had not made those promises to her and found her arguments without merit. She did not seek review by the Supreme Court. On November 25, 2013, Defendant filed this Motion to Vacate under 28 U.S.C. § 2255 [Doc. 432].

## II. STANDARD OF REVIEW

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994); s*ee also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams*

v. *United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

**III. ANALYSIS**

In her § 2255 motion, Defendant contends that her "trial counsel failed to preserve [her] right to challenge the district court's calculation of [her] sentencing guidelines" and failed to advise her that she could preserve that issue for appeal. [Doc. 423, pg. 4]. She notes that the Sixth Circuit mentioned that "trial counsel could have preserved [her] right to challenge the district court's incorrect calculation of [her] sentencing guidelines but failed to do so." *Id.* at 4. Her second ground for relief is essentially the same as the first. She claims that her "lawyer could have bargained with the prosecutor for a more narrow waiver … included language … reserv[ing] the right to appeal." *Id.* at pg. 5.

The government responds by noting that this plea agreement was quite beneficial to Defendant. At sentencing, the government described the plea agreement as follows:

> [T]he amount of pseudoephedrine purchased and distributed by [defendant] to other co-conspirators for the purpose of manufacturing methamphetamine converted to well in excess of fifty actual grams of methamphetamine. Given [petitioner's] prior record, that would have enhanced her to a minimum mandatory 20-year sentence. . . . The United States agreed to eliminate [the] contested purchases and just hold [petitioner] responsible for [only those purchases] she agreed to.

6

[Doc. 402, *Sentencing Transcript*, at pgs. 4-5, 7). The government also notes that the parties agreed at sentencing that Defendant's advisory Guideline range was 151 to 188 months imprisonment. *Id.* at 8. The District Court granted the government's motion to depart and sentenced Defendant to the statutorily required minimum of 120 months, which was well below the applicable advisory Guideline range it initially calculated and at the bottom of the range recommended by the government based on Defendant's substantial assistance. Indeed, because the government did not file a motion to depart based on 18 U.S.C. § 3553(e), the District Court did not have the authority to sentence Defendant to any term of imprisonment lower than the statutorily required minimum.

In response to Defendant's claim that she should have received a more favorable plea agreement, the government argues that it was "not required to acquiesce to a petitioner's requests, and neither petitioner nor her attorney could have compelled the government to accept the agreement that petitioner now deems favorable" [Doc. 435, pg. 8]. The government recites the "significant concessions" it made in the plea agreement, including allowing Defendant to plead guilty to a lesser-included offense and thereby reducing her statutory sentencing exposure. *Id.* at pg. 8. The government also claims that it was "very unlikely" that it would have agreed to eliminate or modify the appeal-waiver provision in this case. *Id.*

"A guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). In the guilty-plea context, the Supreme Court employs the same two-part standard for ineffectiveness that was developed in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). That is, a defendant must demonstrate that (1) her attorney's performance

7

was outside the range of competence demanded of attorneys in the criminal context, and (2) the professionally unreasonable performance prejudiced her.

Defendant has not claimed that her plea was based on inaccurate advice or inappropriate pressure from her attorney. Instead, her claim is that her counsel was constitutionally ineffective because she now believes she could have secured a better deal if only her counsel had been a better negotiator. The problem with her claim is that it is without any legal foundation. The law is well-settled that dissatisfaction with a plea deal does not rise to a showing of constitutionally ineffective counsel. See, e.g., *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998) ("[W]hile [petitioner] may later have decided that he could have done better, his dissatisfaction does not rise to a showing of constitutionally ineffective counsel"); *United States v. Parker*, 609 F.3d 891, 895 (7th Cir. 2010) ("[W]hether a petitioner 'could have negotiated a better plea deal is irrelevant in the ineffective assistance context.'") (quoting *Bethel v. United States*, 458 F.3d 711, 720 (7th Cir. 2006)).

There are a number of reasons why her argument is without merit. First, in this case, at the plea colloquy, Defendant advised the Court that she had reviewed the plea agreement, that she had fully discussed her case with counsel, that she was satisfied with counsel's representation, and that she was pleading guilty because she was, in fact, guilty. [Doc. 407, *Plea Colloquy Transcript*, at pg. 9-10]. The magistrate judge who performed the colloquy concluded that "[h]er execution of the Plea Agreement was made after a full and complete discussion of it with her attorney….[I]t was done knowledgeably and with full understanding of the ramifications of both the Plea Agreement and the consequences that flow from it." [Doc. 407, pg. 22]. Defendant did not object to the magistrate judge's report and recommendation. The District Court adopted the report and recommendation and accepted Defendant's plea of guilty. [Doc. 206].

8

Second, from an objective standpoint, her counsel secured an impressive resolution to her case. Defendant was facing a 20 year mandatory minimum term of imprisonment.[2] Her counsel negotiated a settlement which effectively reduced Defendant's sentencing exposure by ten years. The government noted at sentencing Defendant had been facing a 20 year mandatory term of imprisonment but as part of the negotiations, it agreed to reduce her exposure accordingly.

Third, Defendant claims that that her counsel should have negotiated a better plea agreement by including an appeal-waiver that was narrower in scope. On that front, even if her counsel had attempted to negotiate such a waiver, it would have been to no avail. The government indicated that it would most likely not have modified the terms of the proposed plea agreement given the significant concessions it made during the negotiations. Moreover, a criminal defendant has "no constitutional right to plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). The government was under no obligation to agree to such an appeal waiver.

Fourth, the government agreed to permit Defendant to plead to a lesser included offense which carried with it the statutorily required minimum of 10 years. Defendant was sentenced to the statutory minimum. Even if she had negotiated a narrower appeal waiver, the district court still could not have sentenced her to any term of imprisonment lower than what it did. Her advisory guideline range could not have been lower than the statutorily required minimum. See U.S.S.G. § 5G1.1 ("[w]here the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence").

---

[2] The government had filed an "Information to Establish Prior Conviction" pursuant to 21 U.S.C. § 851 that would enhance Defendant's sentencing exposure to the 20 year mandatory minimum if she were convicted of the charged offense. [Doc. 89, *Information*].

9

Finally, Defendant cannot satisfy "the prejudice prong in the absence of any statement that [s]he is actually innocent, or would have gone to trial if [her] attorney's performance had been different." *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998). She makes neither claim. She does not allege she is innocent of these charges, nor does she claim that she would have decided to proceed to trial but for her counsel's alleged errors. To be sure, the evidence of her involvement in this conspiracy was overwhelming based on her own confession and the stipulations contained in her plea agreement. She cannot show she received ineffective assistance of counsel based on her claims outlined in her § 2255 motion.

## IV. CONCLUSION

The Court finds that Defendant has failed to demonstrate that she is entitled to relief under § 2255 and her motion to vacate, set aside or correct the sentence [Doc. 432] will be DENIED. This action will be DISMISSED. The Court now must consider whether to issue a certificate of appealability (COA) should the Defendant file a notice of appeal, since she may not appeal a final order in a § 2255 case to the Sixth Circuit unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). Issuance of a COA depends on whether Defendant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court will CERTIFY that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will DENY Defendant leave to proceed *in forma pauperis* on appeal. See Rule 24 of the Federal Rules of Appellate Procedure. Defendant having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability SHALL NOT ISSUE. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

AN APPROPRIATE ORDER WILL ENTER.

SO ORDERED:

                                                      s/ Leon Jordan
                                                      United States District Judge